IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

| | | |
|---|---|---|
| JUSTIN SENTEL SULLIVAN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| VS. | ) | No. 14-2224-JDT-cgc |
| | ) | |
| CITY OF MEMPHIS, ET AL., | ) | |
| | ) | |
| Defendants. | ) | |

ORDER PARTIALLY GRANTING AND PARTIALLY DENYING
DEFENDANTS' MOTION TO DISMISS

On March 31, 2014, Plaintiff Justin Sentel Sullivan, RNI number 366376, an inmate at the Shelby County Correctional Center in Memphis, Tennessee, filed a *pro se* complaint pursuant to 42 U.S.C. § 1983. (ECF No. 1.) The Court subsequently granted leave to proceed *in forma pauperis* and assessed the civil filing fee pursuant to 28 U.S.C. § 1915(a)-(b). (ECF No. 5.) On May 8, 2014, the Court issued an order dismissing the claims against the City of Memphis and any official capacity claims against Memphis Police Officers B. Cockman, W. McAnally, and J. Montgomery. (ECF No. 6.) Process was issued for the Officers in their individual capacities on Plaintiff's Fourth Amendment claims of false arrest and excessive force. (*Id.* at 6.) On June 17, 2014, Defendants filed a motion to dismiss. (ECF No. 10.) Plaintiff's response to the motion to dismiss was due on or before July 18, 2014; however, Plaintiff did not respond.[1]

---

[1] Defendants filed a second motion to dismiss on October 23, 2014, styled as a motion to dismiss for failure to prosecute. (ECF No. 13.) However, Defendants merely summarized their previous arguments and pointed out that Plaintiff had failed to respond to the first motion. Furthermore, failure to respond to a motion to dismiss is not, without more, sufficient to justify dismissal of an action for lack of prosecution.

In evaluating a motion to dismiss for failure to state a claim, the Court must construe the complaint in the light most favorable to the plaintiff and accept all factual allegations as true. *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957). While the complaint "does not need detailed factual allegations" the plaintiff must supply "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do . . . . Factual allegations must be enough to raise a right to relief above the speculative level . . . ." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). The complaint must allege "enough facts to state a claim to relief that is plausible on its face." *Id.* at 570; *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("[T]he pleading standard Rule 8 announces . . . demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation."). In addition, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions." *Iqbal*, 556 U.S. at 678. However, the district court also may consider orders, matters of public record, and documents referred to in the complaint and attached as exhibits. *See Currier v. First Resolution Inv. Corp.*, 762 F.3d 529, 533 (6th Cir. 2014) (citing *Henry v. Chesapeake Appalachia, L.L.C.*, 739 F.3d 909, 912 (6th Cir. 2014)).

As stated in the order of partial dismissal:

> The complaint alleges that Plaintiff was pulled over by police on October 31, 2013. During the course of the traffic stop, Plaintiff fled on foot. When Defendants caught up to Plaintiff, he allegedly lay facedown with his hands up and stated that he was surrendering. The officers allegedly beat Plaintiff with blackjacks, causing physical injuries. ([ECF No.] 1 at 2-4.) Defendant Cockman is also alleged to have made false statements in the Affidavit of Complaint to justify the beating Plaintiff received. (*Id.* at 4, 6.) Plaintiff seeks compensatory and punitive damages. (*Id.* at 5.)

(ECF No. 6 at 1-2.) Defendants contend that Plaintiff has no Fourth Amendment claim for false arrest because he ultimately pled guilty to charges of Manufacture/Deliver/Sell (crack cocaine),

pursuant to Tennessee Code Annotated § 39-17-417, and Evading Arrest pursuant to Tennessee Code Annotated § 39-16-603.

A Fourth Amendment claim for false arrest requires an arrest without probable cause. *See, e.g., Parsons v. City of Pontiac*, 533 F.3d 492, 500 (6th Cir. 2008); *Crockett v. Cumberland Coll.*, 316 F.3d 571, 580 (6th Cir. 2003) ("Today it is well established that an arrest without probable cause violates the Fourth Amendment."). Probable cause exists where a suspect is arrested pursuant to a facially valid warrant or where "'facts and circumstances within the officer's knowledge . . . are sufficient to warrant a prudent person, or one of reasonable caution, in believing, in the circumstances shown, that the suspect has committed, is committing or is about to commit an offense." *Crockett*, 316 F.3d at 580 (quoting *Michigan v. DeFillippo*, 443 U.S. 31, 37 (1979)); *see also Wolfe v. Perry*, 412 F.3d 707, 717 (6th Cir. 2005). The Sixth Circuit has held that a finding of guilt in a criminal proceeding "estop[s] plaintiffs from . . . asserting in federal court that the defendant police officers acted without probable cause." *Walker v. Schaeffer*, 854 F.2d 138, 142 (6th Cir. 1988); *see also Fannon v. Patterson*, No. 3:13-cv-14, 2014 WL 4273337, at *3 (S.D. Ohio Aug. 29, 2014) (quoting *Walker*, 854 F.2d at 142).

The Defendants have attached to their motion the Order On Guilty Plea from Plaintiff's criminal proceeding in the Tennessee Criminal Court for the 30th Judicial District at Memphis. (ECF No. 10-1.) The document shows that Plaintiff entered a guilty plea to the charges of possessing cocaine with intent to distribute and evading arrest on April 10, 2014. He was sentenced the same day to two years and one day on the drug charge and eleven months and twenty-nine days on the charge of evading arrest. (*Id.*) Plaintiff's guilty plea and conviction on those charges

3

conclusively establish that the Defendants had probable cause to arrest him. Therefore, he has failed to state a claim for false arrest.

Defendants also contend that Plaintiff's Fourth Amendment claim of excessive force is barred by *Heck v. Humphrey*, 512 U.S. 477, 484 (1994). In *Heck*, the Supreme Court explained:

> We hold that, in order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254. A claim for damages bearing that relationship to a conviction or sentence that has not been so invalidated is not cognizable under § 1983. Thus, when a state prisoner seeks damages in a § 1983 suit, the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated. But if the district court determines that the plaintiff's action, even if successful, will not demonstrate the invalidity of any outstanding criminal judgment against the plaintiff, the action should be allowed to proceed, in the absence of some other bar to the suit.

512 U.S. at 486-87 (footnotes omitted). Thus, a prisoner has no cause of action under § 1983 if the claims in that action hinge on factual proof that would call into question the validity of an order directing his confinement unless and until any prosecution is ended in his favor, an existing conviction is set aside, or the confinement is declared illegal. *Id.* at 481-82; *Schilling v. White*, 58 F.3d 1081, 1086 (6th Cir. 1995).

Although the lawfulness of the arrest is not an element of the crime of evading arrest in Tennessee, the unlawfulness of the arrest is a *defense* to that crime. Tenn. Code Ann. § 30-16-603(a)(2); *see also Roberts v. Anderson*, 213 F. App'x 420, 427 (6th Cir. 2007) ("[U]nder Tennessee law, an officer's excessive use of force is a defense to a charge of resisting or evading arrest; thus, a guilty plea and resultant conviction of such a charge necessarily includes a finding that the officer

did not use excessive force.")  However, in order "for *Heck* to bar a § 1983 claim, success on the claim must *necessarily* imply the invalidity of the conviction.  Thus, both the § 1983 claim and the conviction must arise out of the same events." *Cummins v. City of Akron*, 418 F.3d 676, 682-83 (6th Cir. 2005).  "The bar to raising an excessive force claim applies only when the force . . . was inextricably intertwined with the suspect's resistance to arrest." *Coble v. City of White House*, No. 3:08-0314, 2009 WL 2850764, at *8 (M.D. Tenn. Aug. 29, 2009) (referring to Tenn. Code Ann. § 39-16-602, resisting arrest), *rev'd on other grounds*, 634 F.3d 865 (6th Cir. 2011).

In this case, Plaintiff alleges that he fled on foot after being pulled over by the Defendants. When the Defendants caught up with him, he lay on the ground with his hands up and stated that he was surrendering.  Plaintiff alleges it was only then, after he had ceased evading arrest, that the Defendants beat him with their blackjacks, causing him injury. (ECF No. 1 at 2-4.)  Thus, Plaintiff's excessive force claim is not necessarily "inextricably intertwined" with his evasion of arrest.  His allegations are more akin to the situation where a plaintiff convicted of resisting arrest claims that he was subjected to excessive force after he ceased resisting and was brought under control.  *See Matheny v. City of Cookeville*, 461 F. App'x 427, 430 (6th Cir. 2012)  ("[A]n excessive force claim is not barred when the alleged use of force occurred *after* the suspect was handcuffed and brought under control.").

On a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), Plaintiff's allegations must be taken as true. *Ashcroft v. Iqbal*, 556 U.S. at 678.  Given that requirement, the Court cannot find that Plaintiff has failed to state a plausible claim of excessive force.

For the reasons stated, the Court GRANTS Defendants' motion to dismiss the complaint to the extent it alleges a claim of false arrest. However, the motion to dismiss is DENIED with regard to the claim of excessive force.

IT IS SO ORDERED.

 s/ **James D. Todd**
JAMES D. TODD
UNITED STATES DISTRICT JUDGE